FILED by \_\_MM\_\_ D.C.

Aug 10, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-20361-CR-MARTINEZ/BECERRA**

CASE NO. _____

18 U.S.C. § 1343
18 U.S.C. § 1957(a)
18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

vs.

**ELIE FLORADIN,**

      Defendant.
_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

**The Paycheck Protection Program**

1.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other business expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2.    In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the

program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were often required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible business expenses—payroll costs, interests on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant and Relevant Entities

5. Defendant, **ELIE FLORADIN**, was a resident of Miami-Dade County, Florida.

6. YOU'RE HIRED EMPLOYMENT AGENCY, LLC ("YHEA"), was a limited liability company registered with the Florida Department of State (Division of Corporations) on or about May 8, 2018, by **ELIE FLORADIN**. YHEA had a principal address in Miami, Florida, which was the same address listed as **FLORADIN's** home address.

7. Lender 1 was a financial technology and banking services company based in Atlanta, Georgia. Lender 1 was an approved SBA lender for PPP loans.

8. Bank Processor 1 was a financial technology company based in Redwood City, California, that processed PPP loan applications for participating SBA-approved lenders.

9. Lender 2 was a lender insured by the Federal Deposit Insurance Corporation, based in Phoenixville, Pennsylvania. Lender 2 was an approved SBA lender for PPP loans.

10. Bank of America was a financial institution based in Charlotte, North Carolina, and had branches in Miami-Dade County, Florida.

## COUNTS 1-2
## Wire Fraud
## (18 U.S.C. § 1343)

1. Paragraphs 1 and 10 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around June 2020, through in or around April 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ELIE FLORADIN,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343 and 2.

3

## PURPOSE OF THE SCHEME AND ARTIFICE

3.  It was the purpose of the scheme and artifice for **ELIE FLORADIN** to unlawfully enrich himself by, among other things: (a) submitting and causing to be submitted false and fraudulent applications made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) diverting fraud proceeds for the defendant's personal use, the use and benefit of others, and to further the fraud; and (c) concealing the commission of the offense and the use of the fraud proceeds.

## MANNER AND MEANS OF SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among other things, the following:

4.  **ELIE FLORADIN** submitted and caused to be submitted false and fraudulent PPP loan applications on behalf of YHEA, via interstate wire communications, to Lenders 1 and 2 and Bank Processor 1. This included two PPP loan applications to Lender 1 and one application each to Bank Processor 1 and Lender 2.

5.  The false and fraudulent applications included falsified federal tax forms and falsely and fraudulently represented YHEA's number of employees and monthly payroll costs.

6.  As a result of the false and fraudulent representations made by **ELIE FLORADIN** in his initial PPP loan application submitted to Lender 1, on or about July 7, 2020, Lender 1 disbursed approximately $199,999 in loan proceeds into the defendant's personal bank account.

7.  **FLORADIN** subsequently submitted a "second draw" PPP loan application to Lender 1, which was denied. **FLORADIN** then submitted a loan application to Bank Processor 1, followed by an application to Lender 2, both of which were denied.

4

8. Instead of using the PPP loan proceeds he received for payroll and other permissible business expenses, **ELIE FLORADIN** used the loan proceeds for his own use and benefit, and the use and benefit of others.

## USE OF WIRES

9. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, **ELIE FLORADIN**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | July 7, 2020 | A wire transfer of approximately $199,999 in fraudulently obtained PPP loan funds, from Lender 1 to Bank of America checking account ending in 5726, causing a wire transmission from outside of Florida into the Southern District of Florida. |
| 2 | March 18, 2021 | A false and fraudulent PPP loan application to Bank Processor 1 on behalf of YHEA, causing a wire transmission from the Southern District of Florida to outside of Florida. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 3
**Engaging in Transactions in Criminally Derived Property**
**(18 U.S.C. § 1957(a))**

1. The General Allegations section of this Indictment, and paragraphs 4 through 8 of the Manner and Means of Counts 1 and 2 of this Indictment, are re-alleged and incorporated by reference as though fully set forth herein.

10. On or about July 28, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ELIE FLORADIN,**

did knowingly engage in a monetary transaction, by, though, and to a financial institution, affecting interstate commerce in criminally derived property of a value greater than $10,000, and such property having been derived from a specified unlawful activity, knowing that the property involved in the monetary transactions represented the proceeds of some form of specified unlawful activity, that is, a transfer of funds in the approximate amount $177,000, from Bank of America checking account ending in 5726, to Bank of America checking account ending in 7583.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## **FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ELIE FLORADIN**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States, any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Section 982 (a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
EDUARDO GARDEA, JR.
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ELIE FLORADIN,

_____/

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

**Court Division** (select one)
- ☒ Miami   ☐ Key West   ☐ FTP
- ☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect: **Creole**

4. This case will take **4** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☒ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) **No**
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
EDUARDO GARDEA, JR.
Assistant United States Attorney
Court ID No.    A5502663

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ELIE FLORADIN

**Case No:** _____

Counts #: 1-2

Wire Fraud

Title 18, United States Code, Section 1343

* **Max. Term of Imprisonment:** Twenty (20) Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000

Count #: 3

Engaging in Transactions in Criminally Derived Property

Title 18, United States Code, Section 1957(a)

* **Max. Term of Imprisonment:** Ten (10) Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.